IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY JACKSON, § | |
|   PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-189-G-BK |
| § | |
| UNITED STATES OF AMERICA, § | |
|   DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On January 25, 2024, Plaintiff Gregory Jackson filed a complaint for damages against Defendant United States of America. Doc. 3 at 1-2. The next day, Jackson filed an amended complaint (the operative complaint), suing the United States for civil and human rights violations and seeking damages and a temporary injunction. Doc. 7 at 1-4. In the parties section, he lists "Merrick B. Garland (the United States of America)." Doc. 7 at 1.

At minimum, Jackson's operative complaint is inartfully pled. He alleges that he was incarcerated for eight months in the Dallas County Jail for a state felony charge of third-degree, felony assault against a family member. Doc. 7 at 3. Jackson pled guilty and was ordered to serve a three-year term of probation and stay "away from his legally wedded wife." Doc. 7 at 3;

Doc. 7 at 10. Jackson avers he was confined in six different county jail tanks while incarcerated. Doc. 7 at 3.

Jackson contends his "rights have been violated" and that "spousal immunity" justifies this lawsuit. Doc. 7 at 2. He states, "[m]y wife did not file a restraining order nor did she press charges on me. The State of Texas picked up the charges . . . [and] communication made between spouses during the marriage are privileged." Doc. 7 at 2. Jackson also mentions false imprisonment and discrimination based on his race, age, and marital status. Doc. 7 at 4; *see also* Doc. 7 at 7-11 (*Incidents that Lead to this Civil Suit*).

On January 29, 2024, Jackson filed a *Motion to Withdraw Funds from the Registry of the Court*. Doc. 8 at 1. He alleges the Court invested the funds when he was a minor child and held them for his benefit. *Id.* Since Jackson is over 18 years old, he now requests that the funds be delivered to his address. *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party asserting subject matter jurisdiction, bears the burden of establishing that it exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally

construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Under the doctrine of sovereign immunity, the United States government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (quotations and citations omitted)). Similarly, Jackson's official capacity claims against the U.S. Attorney General Merrick Garland, if any, are barred by sovereign immunity, because Garland's actions in his official capacity are considered those of his federal agency employer (the U.S. Department of Justice). *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citations omitted).[1]

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Jackson's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

---

[1] If Jackson seeks to imply the invalidity of his conviction, his claims are also barred unless his conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994).

## IV. CONCLUSION

For all these reasons, Jackson's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on February 1, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).